Filed 5/24/21  P. v. Quan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>QUANG VAN QUAN,<br><br>    Defendant and Appellant. | G058451<br><br>(Super. Ct. No. 06CF2227)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Reversed and remanded.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2010, a jury found appellant Quang Van Quan guilty of multiple counts of first degree murder. (Pen. Code, § 187. subd. (a); all further statutory references are to the Penal Code.) The jury found true two special circumstance allegations that the murders took place during the commission of burglary and robbery or attempted robbery. Quan directly appealed his convictions and we affirmed the judgment. (*People v. Quan* (Jun. 21, 2012, G044609) [nonpub. opn.].)

In 2018, the Legislature enacted Senate Bill No. 1437 (Senate Bill 1437), which limited accomplice liability under the felony murder rule and the natural and probable consequences doctrine by amending sections 188 and 189. (§§ 188, 189; see *People v. Cruz* (2020) 46 Cal.App.5th 740, 755 (*Cruz*); *People v. Solis* (2020) 46 Cal.App.5th 762, 768 (*Solis*).) Senate Bill 1437 also implemented a process allowing persons previously convicted of murder under a natural and probable consequences theory or felony murder to petition the superior court for vacation of their murder convictions and for resentencing, if they could not be convicted of murder based on the amendments to sections 188 and 189. (§ 1170.95.)

On March 18, 2019, Quan filed a petition for resentencing under section 1170.95. The petition alleged he was convicted of first degree murder under the natural and probable consequences doctrine, and that under Senate Bill 1437 he now could not be convicted of murder.

The trial court denied the petition on the sole basis that Senate Bill 1437 was unconstitutional because it improperly amended Propositions 7 and 115. In two published opinions, this court concluded Senate Bill 1437 is constitutional because it neither adds any particular provision to nor subtracts any particular provision from either Proposition 7 or Proposition 115. (*Cruz*, *supra*, 46 Cal.App.5th at p. 747; *Solis*, *supra*, 46 Cal.App.5th at p. 769.) We decline to revisit those decisions. Accordingly, we reverse the trial court's order and direct the court to consider the merits of Quan's petition.

# I

## FACTUAL AND PROCEDURAL HISTORY

We present an abbreviated version of the lengthy factual summary from our earlier opinion affirming Quan's convictions. (*People v. Quan* (Jun. 21, 2012, G044609) [nonpub. opn.].) In 2010, Quan went to trial for the 2006 stabbing murders of his former prison associate P.L., P.L.'s wife, and P.L.'s son. The victims were found in their home where the master bedroom was ransacked. Quan claimed his interactions with P.L. on the night of the killings had been limited to taking an organized crime boss and other men to P.L.'s home to talk about money P.L. owed the crime boss. Quan claimed he left the home as instructed and had no idea the men would later burglarize, rob, and kill the victims. A jury convicted Quan on all three charges of first degree murder and found special circumstance allegations true that each murder took place during the commission of a burglary and robbery or attempted robbery. The trial court sentenced Quan to three consecutive sentences of life in prison without the possibility of parole and we affirmed the judgment in 2012.

Following the Legislature's 2018 enactment of Senate Bill 1437, Quan petitioned the trial court for resentencing under section 1170.95, declaring he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine." The trial court denied the resentencing petition after concluding Senate Bill 1437 was unconstitutional. It did not address whether Quan was statutorily ineligible for resentencing relief.

# II

## DISCUSSION

Quan contends the trial court erred by finding Senate Bill 1437 unconstitutional and failing to evaluate his petition on its merits. The court concluded Senate Bill unconstitutionally amended two voter-approved ballot initiatives described in Propositions 7 and 115. We conclude Senate Bill 1437 is constitutional because it did not

amend either initiative, as discussed in *Cruz*, *supra*, 46 Cal.App.5th 740, and *Solis*, *supra*, 46 Cal.App.5th 762. These decisions dictate the same result here, which presumably explains why no respondent's brief has been filed in opposition.

Proposition 7 increased the penalties for first and second degree murder by amending section 190, and sought to strengthen and expand the death penalty by amending sections 190.1 through 190.5. (*Cruz*, *supra*, 46 Cal.App.5th at pp. 751-754; *Solis*, *supra*, 46 Cal.App.5th at pp. 775-776.) As we previously concluded, Senate Bill 1437 does not amend Proposition 7 because Senate Bill 1437 "does not take away from the initiative's statutory provisions; it does not authorize what Proposition 7 prohibits or prohibit what Proposition 7 authorizes; and it addresses an area related to but distinct from Proposition 7's provisions concerning the penalty for murder." (*Cruz*, *supra*, 46 Cal.App.5th at p. 757; accord, *Solis*, *supra*, 46 Cal.App.5th at p. 779.)

Proposition 115, among other things, amended section 189 by adding five serious felonies to the list of predicate offenses for first degree felony murder. (*Cruz*, *supra*, 46 Cal.App.5th at pp. 759-760; *Solis*, *supra*, 46 Cal.App.5th at p. 780.) Senate Bill 1437 does not amend Proposition 115 because it did not remove Proposition 115's five felonies from the list of predicate offenses. In addition, Senate Bill 1437's restrictions on accomplice liability for felony murder did not constitute an amendment to Proposition 115 because Proposition 115 did not specifically authorize or prohibit restrictions on the application of the first degree felony-murder rule to accomplices. (*Cruz*, *supra*, 46 Cal.App.5th at pp. 759-760; *Solis*, *supra*, 46 Cal.App.5th at pp. 781-782.) In sum, Senate Bill 1437 does not unconstitutionally amend Proposition 7 or Proposition 115.

4

III

DISPOSITION

The order is reversed and the matter remanded for further proceedings on Quan's section 1170.95 petition.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

5